MEMORANDUM **
Aprilexius Lahibore Makahaube, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and dismiss in part and deny in part the petition for review.
We lack jurisdiction to review Makahaube’s contention that a change in law, or evidence in the 2004 and 2005 country reports for Indonesia, excused the untimely filing of his asylum application because he did not exhaust these claims before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004). The record does not compel the conclusion that Makahaube has otherwise demonstrated changed circumstances that excuse the untimely filing of his asylum application. See 8 C.F.R. § 208.4(a)(4); see also Ramadan v. Gonzales, 479 F.3d 646, 657-58 (9th Cir.2007) (per curiam). Accordingly, we deny the petition as to Makahaube’s asylum claim.
Substantial evidence supports the agency’s finding that the harassment and physical harm Makahaube suffered in Indonesia did not rise to the level of past persecution. See Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1995). Furthermore, even if disfavored group analysis applies to Indonesian Christians, Makahaube has not established a clear probability of future persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1185 (9th Cir.2003). Substantial evidence further supports the agency’s denial of withholding of removal because Makahaube has similarly-situated Christian family members who remain in Indonesia without harm. See Hakeem v. INS, 273 F.3d 812, 816-17 (9th Cir.2001).
Substantial evidence supports the agency’s denial of CAT relief because Makahaube failed to show that it is more likely than not he will be tortured if he returns to Indonesia. See Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003).
We reject Makahaube’s submission of new background evidence in his supplemental brief that he did not previously make part of the administrative record before the agency. See 8 U.S.C. § 1252(b)(4)(A); Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996) (en banc).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.